UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN J. DONLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:16-CV-00638-SNLJ-SPM |
| | ) |
| MICHAEL BOWERSOX, | ) |
| | ) |
| Respondent. | ) |

## **REPORT AND RECOMMENDATION**

This matter is before the undersigned on the petition of Missouri state prisoner John J. Donley ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter was referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b). For the following reasons, the undersigned recommends that the petition be denied.

### I.  FACTUAL BACKGROUND

In August 2009, Petitioner pleaded guilty to one count of second-degree murder and one count of armed criminal action in the St. Louis City Circuit Court. Resp't Ex. A, at 19-28.[1] At the plea hearing, Petitioner testified that he understood that he did not have to plead guilty, that he had a right to a jury trial, that at a trial his attorney would be able to present evidences and witnesses for him, that at a trial the State would have to prove him guilty beyond a reasonable doubt, and that if a jury convicted him he would have the right to appeal. *Id.* at 25. He testified that he understood that if he pleaded guilty, there would be no trial, no appeal, and he would give up the

---

[1] All page numbers for Respondent's exhibits refer to the numbering in the lower right corner, immediately below Respondent's exhibit label.

1

rights the court had explained to him. *Id.* The prosecutor stated, *inter alia*, that had the case proceeded to trial, the State would have proven that the defendant committed the felony of murder in the second degree in that he knowingly caused the death of the victim by stabbing her with a knife and puncturing her heart and lungs, and that Petitioner committed the felony of armed criminal action by committing murder in the second degree by, with, and through the knowing use, assistance, and aid of a dangerous instrument. *Id.* Petitioner testified that what the prosecutor had said was true, that he had done what the prosecutor said he did, and that it happened the way the prosecutor said it happened. *Id.* at 25-26. Petitioner testified that he understood that if he went to trial, he could receive a sentence of ten to thirty years or life on the second-degree murder charge, and three years to life on the armed criminal action charge. *Id.* at 26. The State recommended a sentence of thirty years on each count, to run concurrently, and Petitioner testified that he understood and agreed with the State's recommendation. *Id.* at 26.

The plea court and Petitioner then had the following exchange:

| | |
|---|---|
| THE COURT: | Have you told your lawyer all the facts surrounding the crime with which you have been charged? |
| PETITIONER: | Yes. |
| THE COURT: | Has your lawyer fully answered your questions? |
| PETITIONER: | Yes. |
| THE COURT: | Has he done what you've asked him to do? |
| PETITIONER: | Yes. |
| THE COURT: | If there were a trial are there any witnesses whom you would want your lawyer to bring into court to testify for you? |
| PETITIONER: | No. |
| THE COURT: | Do you have any complaints with your lawyer? |

| | |
|---|---|
| PETITIONER: | No. |

. . .

| | |
|---|---|
| THE COURT: | Has anyone threatened you, intimidated you, mistreated you or any member of your family, or in any way forced you to plead guilty against your free will? |
| PETITIONER: | No. |
| THE COURT: | Did anyone tell you to lie to me or not tell me something I should know about this case? |
| PETITIONER: | No. |
| THE COURT: | How do you now plead to the charges, Count I, murder in the second degree, and Count II, armed criminal action, guilty or not guilty? |
| PETITIONER: | Guilty. |
| THE COURT: | Are you pleading guilty of your own free will? |
| PETITIONER: | Yes. |

*Id.* at 26. The court then accepted the plea and sentenced Petitioner to two thirty-year terms, to run concurrently. *Id.* at 27.

Following sentencing, the court and Petitioner had the following exchange:

| | |
|---|---|
| THE COURT: | Did you have enough time to discuss the charges with your lawyer before pleading guilty? |
| PETITIONER: | Yes. |
| THE COURT: | Did he answer all of your questions? |
| PETITIONER: | Yes. |
| THE COURT: | Did he do what you asked him to do? |
| PETITIONER: | Yes, ma'am. |
| THE COURT: | Did he fully explain your rights to you? |

3

| | |
|---|---|
| PETITIONER: | Yes. |
| THE COURT: | Do you have any complaints with your lawyer? |
| PETITIONER: | No. |
| THE COURT: | Do you think he's done a good job for you considering your circumstances? |
| PETITIONER: | Yes. |
| THE COURT: | Other than the plea bargain, did he make any threats or promises in order to get you to plead guilty? |
| PETITIONER: | No. |

*Id.* at 27-28.

On December 22, 2011, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, in which he asserted various claims of ineffective assistance of plea counsel. Resp't Ex. A, at 32-37. In his amended motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, filed through counsel, Petitioner raised a single claim: that he was denied his rights to due process, effective assistance of counsel, and fair and reliable sentencing in that his plea counsel coerced him into a guilty plea by insisting that Petitioner plead guilty to give the family "closure," as well as insisting that he was too busy and overworked to prepare Petitioner's case for trial. Resp't Ex. A, at 42-49. The motion court denied the motion without an evidentiary hearing, finding that it was refuted by the record. *Id.* at 50-54. Petitioner raised the claim in his appeal, Resp't Ex. B, and the Missouri Court of Appeals affirmed the denial of the motion, Resp't Ex. D.

In the instant petition, Petitioner raises a single claim: that his plea counsel was ineffective because his plea counsel was disinterested in the case and unwilling to prepare the case for trial. As discussed above, this claim was adjudicated on the merits by the state court.

4

## II. DISCUSSION

### A. Standard of Review for Claims Adjudicated on the Merits by the State Court

Federal habeas review exists only "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). "[I]n the habeas setting, a federal court is bound by AEDPA [the Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may not grant relief to a state prisoner with respect to any claim that was adjudicated on the merits in the State court proceedings unless the state court's adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision involves an "unreasonable application" of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08. *See also Bell v. Cone*, 535 U.S. 685, 694 (2002). "Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively

5

correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citations and internal quotation marks omitted). *See also Rice v. Collins*, 546 U.S. 333, 338-39 (2006) (noting that state court factual findings are presumed correct unless the habeas petitioner rebuts them through clear and convincing evidence) (citing 28 U.S.C. § 2254(e)(1)).

### B. Petitioner's Claim of Ineffective Assistance of Plea Counsel

After a guilty plea, collateral review of the plea "is ordinarily confined to whether the guilty plea was both counseled and voluntary." *Pennington v. United States*, 374 F. Supp. 2d 813, 816 (E.D. Mo. 2005) (citing *United States v. Broce*, 488 U.S. 563, 569 (1989)). A plea is voluntary if it "'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). A defendant who pleaded guilty upon the advice of counsel may challenge the voluntary and intelligent character of that plea through a claim of ineffective assistance of counsel. *Id.* at 56-57. The Supreme Court has held that the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668, 689 (1984), applies to ineffective assistance claims in the guilty plea context. *Id.* at 58. To satisfy the first prong, sometimes known as the "deficient performance" prong, the petitioner must show "that counsel's representation fell below an objective standard of reasonableness." *Hill*, 474 U.S. at 57. "Judicial scrutiny of counsel's performance must be highly deferential," and the petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (citation and internal quotation marks omitted). To satisfy the second prong in the guilty plea context, known as the "prejudice"

6

prong, the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

When an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)). In the context of a habeas claim, it is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *Bell*, 535 U.S. at 698–99. "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699.

In evaluating this claim, the Missouri Court of Appeals recognized that Petitioner's claim must be evaluated using the two-prong test articulated in *Strickland*, and it also recognized that the key question in the guilty plea context is whether the alleged ineffective assistance impinged on the voluntariness and knowledge with which the guilty plea was made. Resp't Ex. D, at 5. Addressing Petitioner's allegation that he was coerced into pleading guilty because his counsel insisted that Petitioner should give the family "closure," the court found that Petitioner had not alleged any specific statement or promises made by family members or counsel that, even if true, could constitute legal coercion. *Id.* at 6. The court also found Petitioner's claim was refuted by the record, because he "repeatedly told the trial court that no one had threatened or intimidated him or in any way forced him to plead guilty against his will," because he "provided the court repeated assurances that he was satisfied with Counsel," because he "stated both during the guilty plea proceeding and after being sentenced that Counsel had done everything [Petitioner] asked, that Counsel had answered all of his questions,  and that [Petitioner] had no complaint's with Counsel's representation." *Id.*at 6-7.  Addressing Petitioner's argument that his counsel's lack of preparation

7

had coerced him into pleading guilty, the Missouri Court of Appeals found that by pleading guilty, Petitioner had waived any claim relating to failure to investigate or prepare for trial. *Id.* at 7 (citing *Redeemer v. State*, 979 S.W.2d 565, 569 (Mo. Ct. App. 1998)). Additionally, the Missouri Court of Appeals found that Petitioner's assertions that his counsel had insisted he was too busy and overworked to be able to prepare the case for trial, was disinterested in the case, and was unwilling to undertake specific actions at Petitioner's request were refuted by the facts in the record. *Id.* at 7. The court noted that Petitioner had repeatedly assured the motion court that counsel had done everything Petitioner had asked him to do and that he had no complaints with counsel. *Id.* The court further noted that Petitioner had not referred to any evidence that his counsel might have presented or any information indicating that any available evidence would have persuaded Petitioner to proceed to trial. *Id.*

The Missouri Court of Appeals' rejection of this claim did not involve an objectively unreasonable application of *Strickland* or *Hill* to the facts of this case, nor did it involve an an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. As the Missouri Court of Appeals noted, Petitioner's allegations regarding his counsel's deficient performance—that his counsel coerced him into pleading guilty, was disinterested in the case, and was unwilling or unable to prepare for trial—are refuted by Petitioner's own statements on the record. "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)). "[O]nce a person has entered a guilty plea any 'subsequent presentation of conclusory allegations unsupported by

8

specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.'" *Tran v. Lockhart*, 849 F.2d 1064, 1068 (8th Cir. 1988) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1976)). Here, Petitioner testified that he had enough time to discuss the charges with his lawyer before pleading guilty; that his lawyer fully answered his questions; that his lawyer did what Petitioner asked him to do; that his lawyer fully explained Petitioner's rights to him; that if there were a trial, there were no witnesses whom Petitioner would want his lawyer to bring into court to testify for him at trial; that he had no complaints with his lawyer; that Petitioner thought his lawyer had done a good job for him considering his circumstances; that other than the plea bargain, his counsel had not made any threats or promises to get him to plead guilty; that no one had threatened him, intimidated him, mistreated him or any member of his family, or in any way forced him to plead guilty against his free will; that no one told him to lie to the Court or not tell the Court something it should know about the case; and that he was pleading guilty of his own free will. Resp't Ex. A, at 26-28. Petitioner's specific representations regarding his counsel's performance carry a strong presumption of verity, and they directly refute his current allegations, which are conclusory and unsupported by specifics.

In light of Plaintiff's own testimony regarding his counsel's performance and his satisfaction with that performance, the Missouri Court of Appeals' determination that Petitioner's guilty plea was not involuntary due to ineffective assistance of plea counsel was reasonable, was consistent with *Strickland* and *Hill*, and was well-supported by the record. Therefore. the undersigned recommends that Petitioner's sole ground for relief be denied.

### III.  CONCLUSION

For all of the above reasons, the undersigned finds that Petitioner is not entitled to federal habeas relief. Accordingly,

9

**IT IS HEREBY RECOMMENDED** that Petitioner John J. Donley's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that this case be **DISMISSED**.

The parties are advised that they have fourteen (14) days to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of August, 2019.